# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1620
_____

Cellular Sales of Missouri, LLC

*Petitioner*

v.

National Labor Relations Board

*Respondent*

------------------------------

Labor Law Scholars

*Amicus on Behalf of Respondent*

_____

No. 15-1860
_____

Cellular Sales of Missouri, LLC

*Respondent*

v.

National Labor Relations Board

*Petitioner*

------------------------------

Labor Law Scholars

*Amicus on Behalf of Petitioner*
_____

National Labor Relations Board
_____

Submitted: January 13, 2016
Filed: June 2, 2016
_____

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

The National Labor Relations Board (Board) found that Cellular Sales of Missouri, LLC (Cellular Sales) had violated sections 7 and 8(a)(1) of the National Labor Relations Act (NLRA), 29 U.S.C. §§ 157, 158(a)(1), by maintaining and enforcing a mandatory arbitration agreement under which employees waived their rights to pursue class or collective action to redress employment-related disputes in any forum. The Board also found that employees of Cellular Sales would reasonably understand the arbitration agreement to waive or impede their rights to file unfair labor practice charges with the Board. Cellular Sales petitions for review, arguing that the Board's order should not be enforced, and the Board cross-applies for enforcement. We enforce the order in part and decline to enforce the order in part.

John Bauer, formerly an independent contractor for Cellular Sales, was hired by the company as an employee in January 2012. As a condition of his employment, Bauer entered into an employment agreement that included a provision under which he agreed to arbitrate individually "[a]ll claims, disputes, or controversies" related to

his employment and to waive any class or collective proceeding (arbitration agreement). The arbitration agreement provided in relevant part:

> All claims, disputes, or controversies arising out of, or in relation to this document or Employee's employment with Company shall be decided by arbitration . . . . Employee hereby agrees to arbitrate any such claims, disputes, or controversies only in an individual capacity and not as a plaintiff or class member in any purported class, collective action, or representative proceeding. . . . The decision of the arbitrator shall be final, binding, and enforceable in any court of competent jurisdiction and the parties agree that there shall be no appeal from the arbitrator's decision. . . . Except for the exchange of documents that the parties intend to use to support their claims and defend against the other parties' claims, there shall be no interrogatories, depositions or other discovery in any arbitration hereunder.

Bauer's employment with Cellular Sales ended in late May 2012. Approximately five months later he filed a putative class-action lawsuit against the company in federal court, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. Cellular Sales moved to dismiss the lawsuit and compel arbitration. The district court[1] granted the motion, concluding that the arbitration agreement—including the class-action waiver—was enforceable. Bauer then commenced an arbitration proceeding against Cellular Sales. The parties eventually settled, and the district court granted their joint motion to approve the settlement and to dismiss Bauer's lawsuit with prejudice.

While his lawsuit was pending, Bauer filed an unfair labor practice charge with the Board, claiming that Cellular Sales violated his right to engage in protected concerted activity in violation of sections 7 and 8(a)(1) of the NLRA when it required him to sign an arbitration agreement that included a class-action waiver. The Board

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

issued a complaint, and an administrative law judge (ALJ) ruled in favor of the Board, concluding that Cellular Sales's arbitration agreement violated the NLRA because of its individual arbitration requirement and because employees would reasonably interpret the arbitration agreement as barring or restricting their rights to file unfair labor practice charges with the Board. The ALJ also concluded that Cellular Sales had violated the NLRA by moving to dismiss Bauer's putative class-action lawsuit and compel enforcement of the arbitration agreement.

The Board affirmed and adopted the ALJ's rulings and findings. The Board ordered Cellular Sales to either rescind the arbitration agreement or revise it to clarify that, by signing the agreement, employees do not waive their rights to pursue employment-related class or collective actions in all forums and are not restricted in their rights to file charges with the Board. It also ordered Cellular Sales to notify all of its current and former employees of these changes; to notify the district court that these changes were made and that the company no longer opposed Bauer's lawsuit (even though the lawsuit had been dismissed over a year earlier); and to reimburse Bauer for legal fees and expenses incurred in opposing Cellular Sales's motion to dismiss and compel arbitration (even though Cellular Sales had prevailed on its motion, Bauer had not appealed, and the parties had ultimately settled). This petition for review and cross-application for enforcement followed.

We review the Board's findings of fact for substantial evidence on the record as a whole, that is, for such relevant evidence as "'a reasonable mind might accept as adequate to support' a finding." NLRB v. Am. Firestop Sols., Inc., 673 F.3d 766, 767-68 (8th Cir. 2012) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951)). We review the Board's conclusions of law *de novo*. Id. at 768. We will defer to the Board's interpretation of the NLRA "so long as it is rational and consistent with that law," id. (citations omitted), but we need not defer to the Board's interpretation of other federal statutes, see, e.g., Owen v. Bristol Care, Inc., 702 F.3d 1050, 1054 (8th Cir. 2013); see also Hoffman Plastic Compounds, Inc. v. NLRB, 535

U.S. 137, 144 (2002) ("[W]e have . . . never deferred to the Board's . . . preferences where such preferences potentially trench upon federal statutes and policies unrelated to the NLRA.").

Cellular Sales first argues that the Board erred in finding that because the class-action waiver restricted employees' substantive rights under section 7 to engage in protected concerted activity, the arbitration agreement violated section 8(a)(1) of the NLRA. Cellular Sales notes that in reaching this conclusion, the Board relied on two of its prior decisions, D.R. Horton, Inc., 357 N.L.R.B. No. 184, 2012 WL 36274 (Jan. 3, 2012), and Murphy Oil USA, Inc., 361 N.L.R.B. No. 72, 2014 WL 5465454 (Oct. 28, 2014), each of which concluded that arbitration agreements imposing similar class-action waivers violated section 8(a)(1). Cellular Sales points out that the Board's reasoning in those decisions was directly rejected by the Fifth Circuit. See D.R. Horton, Inc. v. NLRB, 737 F.3d 344, 362 (5th Cir. 2013) (denying enforcement in relevant part, rejecting Board's position that use of class-action procedure was a "substantive right" under section 7 of the NLRA, and concluding that "[b]ecause the Board's interpretation does not fall within the [Federal Arbitration Act's (FAA)] 'saving clause,' and because the NLRA does not contain a congressional command exempting the statute from application of the FAA," the arbitration agreement, including the class-action waiver, "must be enforced according to its terms"); Murphy Oil USA, Inc. v. NLRB, 808 F.3d 1013, 1018 (5th Cir. 2015) (denying enforcement in relevant part and concluding that the employer "committed no unfair labor practice by requiring employees to relinquish their right to pursue class or collective claims in all forums by signing the arbitration agreements at issue"). Cellular Sales also points to our court's decision rejecting the Board's reasoning—albeit in a case that was not on review from a Board decision. Owen v. Brisol Care, Inc., 702 F.3d 1050, 1053-55 (8th Cir. 2013) (rejecting the Board's position in D.R. Horton and joining "fellow circuits that have held that arbitration agreements containing class waivers are enforceable in claims brought under the FLSA").

The Board acknowledges that its position has twice been rejected by the Fifth Circuit, and it concedes that our holding in <u>Owen</u> is fatal to its argument "that a mandatory agreement requiring individual arbitration of work-related claims" violates the NLRA. Consequently, in addition to filing its brief in this matter, the Board filed a motion for initial hearing *en banc* and requested that we reconsider our holding in <u>Owen</u>. The Board's motion was denied, and thus, in accordance with <u>Owen</u>, we conclude that Cellular Sales did not violate section 8(a)(1) by requiring its employees to enter into an arbitration agreement that included a waiver of class or collective actions in all forums to resolve employment-related disputes. Accordingly, we grant the petition for review and decline to enforce the Board's order with respect to this issue. <u>See</u> <u>Owen</u>, 702 F.3d at 1053-55; <u>see also</u> <u>D.R. Horton</u>, 737 F.3d at 362; <u>Murphy Oil</u>, 808 F.3d at 1018.

Cellular Sales next argues that the Board erred when it found that the company violated section 8(a)(1) by seeking to enforce the arbitration agreement through a motion to dismiss and compel arbitration in Bauer's putative class-action lawsuit. The Board determined that "an employer's enforcement of an unlawful rule . . . independently violates [s]ection 8(a)(1)" and concluded that Cellular Sales's motion to dismiss and compel arbitration sought to enforce an unlawful contract and thereby interfere with or restrain employees from exercising their rights under the NLRA. The Board specifically noted that in finding this separate violation of the NLRA, it was "rely[ing] solely on the principle that the enforcement of an unlawful provision is, in itself, an independent violation of [section] 8(a)(1)." As a remedy for this violation, the Board ordered Cellular Sales to reimburse Bauer "for all reasonable expenses and legal fees, with interest, incurred in opposing [Cellular Sales's] unlawful motion to compel individual arbitration." It also ordered Cellular Sales to notify the district court "that it no longer oppose[d Bauer's class-action lawsuit] on the basis of the arbitration agreement."

Because the class-action waiver did not violate section 8(a)(1), Cellular Sales's attempt to enforce the class-action waiver likewise did not violate section 8(a)(1). Accordingly, we grant the petition for review and decline to enforce the Board's order with respect to this issue. We also decline to enforce the Board's remedies related to this issue. See Murphy Oil, 808 F.3d at 1021 (declining to enforce Board's award of legal fees and expenses in similar circumstances).

Cellular Sales next argues that the Board erred when it found that the company violated section 8(a)(1) because its employees would reasonably construe the arbitration agreement to bar or restrict their rights to file charges with the Board or seek access to the Board's processes. The NLRA prohibits an employer from entering into an agreement with employees that circumscribes the Board's authority to prevent unfair labor practices. See 29 U.S.C. § 160(a). Thus, an arbitration agreement violates section 8(a)(1) if it expressly prohibits employees from filing unfair labor practice charges with the Board or if it would be reasonably construed by employees to restrict or preclude such activity. See D.R. Horton, 737 F.3d at 363 ("Even in the absence of express language prohibiting section 7 activity, a company nonetheless violates section 8(a)(1) if employees would reasonably construe the language to prohibit section 7 activity." (quoting Cintas Corp. v. NLRB, 482 F.3d 463, 467 (D.C. Cir. 2007) (internal quotation marks omitted)).

As set forth above, Cellular Sales's arbitration agreement included a broad requirement that "[a]ll claims, disputes, or controversies arising out of, or in relation to" employment with the company "shall be decided by arbitration." Given "the absence of any limits to this broadly worded provision," the Board concluded that the arbitration agreement violated section 8(a)(1) "because employees would reasonably believe [the agreement] waived or limited their rights to file Board charges or to access the Board's processes."

Cellular Sales contends that the specific language of the arbitration agreement, read as a whole and in context, could not be reasonably construed by employees to preclude or restrict their rights to file charges with the Board. It argues that because the arbitration agreement does not expressly prohibit employees from filing charges with the Board and makes no reference to agency or administrative proceedings, employees could not read the agreement as having any bearing on their rights to file charges with the Board. It also contends that because the agreement states that an arbitration decision is "final, binding and enforceable in any court of competent jurisdiction," and refers to interrogatories, depositions, and other discovery-related matters that do not generally apply in Board proceedings, the "implication" is that the arbitration agreement prohibits only court proceedings.[2] We are not persuaded.

The Board has held that an arbitration agreement violates section 8(a)(1) when it provides that the agreement does not constitute a waiver of an employee's obligation to file a timely charge with the Board. In Bill's Electric, Inc., 350 N.L.R.B. 292, 296 (2007), the agreement provided that arbitration was the exclusive method of dispute resolution, but also stated that it "shall not be a waiver of any requirement for the Employee to timely file any charge with the NLRB, EEOC, or any State Agency . . . as may be required by law to present and preserve any claimed statutory violation in a timely manner." This provision was not sufficient to alert employees that they retained rights to file charges with the Board because, "[a]t the very least, the mandatory . . . arbitration policy would reasonably be read by . . . employees as substantially restricting, if not totally prohibiting, their access to the Board's

---

[2]Cellular Sales contends that the fact that Bauer actually filed an unfair labor practice charge with the Board establishes that the arbitration agreement cannot be reasonably construed by employees as limiting or precluding that activity. But the "'actual practice of employees is not determinative' of whether an employer has committed an unfair labor practice." Murphy Oil, 808 F.3d at 1019 (citation omitted). Instead, the question is whether the employer's action is "likely to have a chilling effect" on its employees' exercise of their rights under the NLRA. D.R. Horton, 737 F.3d at 357.

processes." Id.; see also D.R. Horton, 737 F.3d at 364 (noting that references to "court," "judge," and "jury" in mandatory arbitration agreement were "insufficient to counter the breadth of the waiver created by the phrase 'right to file a lawsuit or other civil proceeding'"). The Board has also found a violation of section 8(a)(1) when an agreement required arbitration of "any other legal or equitable claims and causes of action recognized by local, state or federal law or regulations" because, although the language did not explicitly restrict proceedings before the Board, "the breadth of the policy language" would result in employees reasonably interpreting the agreement to prohibit those proceedings. U-Haul Co. of Cal., 347 N.L.R.B. 375, 377-78 (2006), *enforced*, 255 F. App'x 527 (D.C. Cir. 2007) (mem.). Similarly, the Board affirmed an ALJ's finding of a section 8(a)(1) violation when an arbitration agreement stated that "all disputes" and "legal claims" were required to be arbitrated, Board charges were not included in a list of exceptions, and the agreement provided that "such claims shall not be filed or pursued in court." Utility Vault Co., 345 N.L.R.B. 79, 81 (2005). And in Murphy Oil, the Fifth Circuit enforced the Board's finding that an arbitration agreement requiring employees to arbitrate "any and all disputes or claims" related in any manner to employment and to waive class or collective action "in any other forum" could "create '[t]he reasonable impression . . . that an employee [was] waiving not just [her] trial rights, but [her] administrative rights as well.'" 808 F.3d at 1019 (quoting D.R. Horton, 737 F.3d at 363-64).

Although the language used by Cellular Sales in its arbitration agreement is not identical to the language used in Bill's Electric, U-Haul, Utility Vault, or Murphy Oil, it is similar in both its breadth and its generality, and thus we find those cases instructive. Moreover, the Board's construction of the NLRA is "entitled to considerable deference, and must be upheld if it is reasonable and consistent with the policies of the [NLRA]." St. John's Mercy Health Sys. v. NLRB, 436 F.3d 843, 846 (8th Cir. 2006) (citations omitted). The Board's finding that Cellular Sales violated section 8(a)(1) because its employees would reasonably interpret the arbitration agreement to limit or preclude their rights to file unfair labor practice charges with the

Board is reasonable and is consistent with the NLRA. Accordingly, we deny the petition for review and enforce the Board's order with respect to this issue, including corrective action with respect to any employees who remain subject to the arbitration agreement. See Murphy Oil, 808 F.3d at 1019.

Finally, Cellular Sales argues that the Board's order is unenforceable in its entirety because Bauer's unfair labor practices charge was untimely under section 10(b) of the NLRA, 29 U.S.C. § 160(b), and because Bauer was no longer an "employee" under section 2(3) of the NLRA, id. § 152(3), when the charge was filed. Again, we disagree.

Section 10(b) provides that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board." 29 U.S.C. § 160(b). Cellular Sales argues that Bauer entered into the arbitration agreement "on or about January 1, 2012," but did not file his unfair labor practice charge until December 2012, well after the six-month limitation period under section 10(b) had expired. The Board rejected Cellular Sales's argument that the charge was time-barred, noting that the parties had stipulated that "[s]ince about January 1, 2012, [Cellular Sales] has promulgated, maintained, and enforced" the arbitration agreement—a stipulation that included the relevant six-month period preceding the unfair labor practice charge Bauer filed on December 11, 2012. The Board found a violation because, it noted, "the maintenance of an unlawful rule is a continuing violation, regardless of when the rule was first promulgated." We agree.

The violation found here is not related exclusively to the circumstances that existed when Bauer signed the arbitration agreement in January 2012. Rather, at issue is the legality of Cellular Sales's continued maintenance of the agreement. The Board has repeatedly held that an employer commits a continuing violation of the NLRA throughout the period during which an unlawful agreement is maintained. See, e.g., Gamestop Corp., 363 N.L.R.B. No. 89, 2015 WL 9592400, at *1 (Dec. 31, 2015)

(rejecting argument that complaint was time-barred by section 10(b) where employer continued to maintain the unlawful agreement during the six-month period preceding the charge, and noting that maintenance of an unlawful workplace rule constitutes a continuing violation that is not time-barred by section 10(b)); The Pep Boys, 363 N.L.R.B. No. 65, 2015 WL 9460022 (Dec. 23, 2015) (same); Register-Guard, 351 N.L.R.B. 1110, 1110 n.2 (2007) (noting that "[t]he maintenance during the 10(b) period of a rule that transgresses employee rights is itself a violation of [section] 8(a)(1)"), *enforced in part*, 571 F.3d 53 (D.C. Cir. 2009). We have determined that employees would reasonably interpret the arbitration agreement to bar or interfere with their rights to file unfair labor practice charges with the Board. Cellular Sales stipulated to the fact that it maintained the arbitration agreement during the relevant period. Having been filed during the period in which Cellular Sales maintained the unlawful arbitration agreement, Bauer's unfair labor practice charge was thus not time-barred. See, e.g., Gamestop, 363 N.L.R.B. No. 89, 2015 WL 9592400, at *1.

Cellular Sales also argues that Bauer was not an "employee" within the meaning of section 2(3) of the NLRA because he was not employed by the company during the six-month period preceding his unfair labor practice charge. Section 2(3) provides that "[t]he term 'employee' shall include any employee," a definition the Board has interpreted in the "broad generic sense" to "include members of the working class generally." Briggs Mfg. Co., 75 N.L.R.B. 569, 571 (1947) ("This broad definition covers, in addition to employees of a particular employer, also employees of another employer, or former employees of a particular employer, or even applicants for employment."). The Board has long held that a former employee continues to be an "employee" within the meaning of the NLRA. See Little Rock Crate & Basket Co., 227 N.L.R.B. 1406, 1406 (1977) (noting that "employee" under section 2(3) of the NLRA means "members of the working class generally" and includes "former employees of a particular employer"); see also Haynes Bldg. Servs. LLC, 363 N.L.R.B. No. 125, 2016 WL 737040 (Feb. 23, 2016) (noting that "a discharged employee remains a statutory employee entitled to the full protection of the

[NLRA]"). Given the NLRA's broad definition of "employee" and the considerable deference we owe to the Board's reasonable construction of the NLRA, we conclude that the Board did not err in finding that Bauer was an "employee" under the NLRA. See Allied Chem. & Alkali Workers, Local No. 1 v. Pittsburgh Plate Glass Co., 404 U.S. 157, 166 (1971) (noting that "the task of determining the contours of the term 'employee' has been assigned primarily" to the Board). In sum, because Cellular Sales's unlawful arbitration agreement remained in effect and governed Bauer both as a current and as a former employee during the section 10(b) limitations period, his unfair labor practice charge was not time-barred.

The petition for review is granted in part and denied in part, and the Board's order is denied in part and enforced in part.

_____