**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2256**

CARMAX AUTO SUPERSTORES, INC.,

Plaintiff - Appellee,

v.

MONTGOMERY B. SIBLEY,

Defendant - Appellant,

v.

RICHARD W. BLACK; LITTLER MENDELSON, PC.; JOSHUA B. WAXMAN,

Third Party Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:16-cv-01459-RWT)

Submitted: March 12, 2019                                    Decided: April 18, 2019

Before WILKINSON and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Montgomery B. Sibley, Appellant Pro Se. Steven E. Kaplan, Joshua B. Waxman, LITTLER MENDELSON PC, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montgomery B. Sibley appeals the district court's orders granting CarMax Auto Superstores, Inc.'s ("CarMax") petition to confirm an arbitration award, denying Sibley's cross-petition to vacate the award, granting CarMax's motion for sanctions, and denying Sibley's motion to recuse. We affirm the district court's orders in part, vacate in part, and remand for further proceedings.

## I.

We review de novo a district court's order confirming an arbitration award and denying a motion to vacate an award. *Brown & Pipkins, LLC v. Serv. Emps. Int'l Union*, 846 F.3d 716, 723 (4th Cir. 2017); *Jones v. Dancel*, 792 F.3d 395, 401 (4th Cir. 2015). As relevant here, a court may vacate an arbitration award where the arbitrator "refuse[ed] to hear evidence pertinent and material to the controversy," 9 U.S.C. § 10(a)(3) (2012), or on common law grounds, *i.e.*, "where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law," *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 857 (4th Cir. 2010) (internal quotation marks omitted). Applying this standard, we conclude that the district court did not err in rejecting Sibley's arguments and confirming the arbitration award. Accordingly, we affirm for the reasons stated by the district court. *CarMax Auto Superstores, Inc. v. Sibley*, No. 8:16-cv-01459-RWT (D. Md. filed Aug. 15, 2018 & entered Aug. 16, 2018).

## II.

Turning to the district court's order granting sanctions, the court ordered sanctions pursuant to Fed. R. Civ. P. 11 and its inherent power. We review such an order for abuse

2

of discretion. *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 519 (4th Cir. 2018) (inherent authority); *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (Rule 11). "A court abuses its discretion when its conclusion is guided by erroneous legal principles or rests upon a clearly erroneous factual finding." *In re Jemsek Clinic, P.A.*, 850 F.3d 150, 156 (4th Cir. 2017) (internal quotation marks omitted).

Under Rule 11, a district court may impose sanctions against a party who files pleadings that are not well grounded in fact or law or who files pleadings for improper purposes such as harassment or delay. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 403-04 (1990). A party must certify that his "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "The legal argument must have absolutely no chance of success under the existing precedent to contravene" Rule 11(b)(2). *Morris*, 448 F.3d at 277 (internal quotation marks omitted).

A court's inherent authority to impose sanctions derives from its inherent powers to manage its own affairs to achieve the orderly and expeditious disposition of cases. *Six*, 891 F.3d at 519. Under this power, courts can fashion an appropriate sanction for conduct that abuses the judicial process, such as an attorney's lack of candor to the court, including ordering a party that has acted in bad faith to reimburse legal fees incurred by the opposing party. *Id.*

The district court ordered sanctions because it found that Sibley raised three frivolous or repetitious arguments: (1) the district court lacked subject-matter

jurisdiction, (2) the class action waiver in the arbitration agreement violated the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151-169 (2012), and (3) the arbitration agreement's confidentiality provision was unconscionable. We discern no abuse of discretion in sanctioning Sibley for challenging the district court's subject-matter jurisdiction because Sibley relitigated the issue after the court rejected his argument. A district court may sanction a party for attempting to relitigate issues already decided by the court. *See, e.g.*, *Serritella v. Markum*, 119 F.3d 506, 512-13 (7th Cir. 1997); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1254-55 (2d Cir. 1992). While Sibley contends he was required to relitigate his claim to preserve appellate review, we have clearly held that a party cannot waive an argument that the district court lacked subject-matter jurisdiction. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005). Sibley ignored the district court's finding that his argument was meritless and its warning that it would not tolerate vexatious litigation tactics. Moreover, Sibley did not introduce new facts to support his jurisdictional argument. Therefore, we conclude that the district court did not abuse its discretion by ordering sanctions to reimburse CarMax for responding to this argument.

However, we conclude that the district court did abuse its discretion in awarding sanctions based on Sibley's claims that the class action arbitration waiver violated the NLRA and that the confidentiality provisions were unconscionable. The Supreme Court recently held that class action waivers in arbitration agreements do not violate the NLRA. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018). However, prior to *Epic Systems*, we had not previously decided this question, and we have concluded that sanctions are

4

not appropriate "[w]here neither the Supreme Court nor any courts within this circuit have ruled on the issue and the statute itself does not offer a clear answer." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1378 (4th Cir. 1991). Moreover, a slight majority of our sister Courts of Appeals had concluded that such waivers violated the NLRA. *Compare Nat'l Labor Relations Bd. v. Alt. Entm't, Inc.*, 858 F.3d 393, 401-05 (6th Cir. 2017), *and Morris v. Ernst & Young, LLP*, 834 F.3d 975, 981-90 (9th Cir. 2016), *and Lewis v. Epic Sys. Corp.*, 823 F.3d 1147, 1151-60 (7th Cir. 2016), *with Cellular Sales of Mo., LLC v. Nat'l Labor Relations Bd.*, 824 F.3d 772, 776-78 (8th Cir. 2016), *and Murphy Oil USA, Inc. v. Nat'l Labor Relations Bd.*, 808 F.3d 1013, 1018 (5th Cir. 2015). In light of the uncertainty surrounding the enforceability of class action waivers, we conclude that the district court abused its discretion in finding that Sibley's argument was frivolous.

Likewise, Maryland courts had not addressed whether a confidentiality provision in an arbitration agreement is unconscionable. While the district court relied on two cases from federal district courts in California to conclude that the exact provision Sibley challenged was not unconscionable, Sibley cited one of the California cases relied on by the district court and asked the court to reach a different result. "A plaintiff under such circumstances has a right to come to court seeking to obtain a different result from that reached by other districts." *Brubaker*, 943 F.2d at 1378. Thus, we conclude that the district court abused its discretion in sanctioning Sibley for bringing this argument.

Accordingly, while we affirm the district court's conclusion that sanctions were appropriate regarding Sibley relitigating his subject-matter jurisdiction argument, we

5

vacate the remainder of the district court's sanctions order and remand for further proceedings. On remand, the district court shall determine what portion of CarMax's fees were incurred responding to Sibley's jurisdictional argument and only sanction Sibley in this amount.

## III.

Finally, Sibley argues that the district court erred in denying his motion to recuse. We review the denial of a recusal motion for abuse of discretion. *Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 167 (4th Cir. 2014). "[J]udicial rulings and opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings[,] almost never constitute a valid basis for a bias or partiality motion." *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) (internal quotation marks omitted). We conclude that the district court did not abuse its discretion in denying this motion, as Sibley's allegations are based on his dissatisfaction with the district court's rulings and fail to demonstrate that the court was not impartial.

## IV.

Accordingly, we affirm the district court's orders in part, vacate them in part, and remand for further proceedings. We grant Sibley leave to proceed in forma pauperis. We deny Sibley's motion for oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*